**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| PAOLO RIBAUDO, | ) | |
| | ) | |
| **Plaintiff** | ) | Case No. 04 C 2810 |
| | ) | |
| v. | ) | Magistrate Judge Morton Denlow |
| | ) | |
| JO ANNE B. BARNHART | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION AND ORDER

This case is now before the Court on Plaintiff's petition for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). The Seventh Circuit Court of Appeals reversed and remanded for further consideration this Court's April 8, 2005 Memorandum Opinion and Order, which had affirmed the Administrative Law Judge's ("ALJ") decision denying disability benefits to Plaintiff. The issue presented is whether the Commissioner was substantially justified in her legal and factual positions. The parties waived oral argument. The Court finds that the Commissioner's position was not substantially justified. The Commissioner has not challenged the reasonableness of Plaintiff's fee request. Because Plaintiff is entitled to fees for time spent in briefing the EAJA petition, the Plaintiff shall file a supplemental affidavit and proposed draft order that will bring the time spent and amount of fees current through the conclusion of this case.

I.   BACKGROUND FACTS

On July 14, 2000, Plaintiff Paolo Ribaudo filed an application for Title II Disability Insurance Benefits. Plaintiff's application was denied initially and upon reconsideration. Plaintiff requested a hearing before an ALJ. On October 3, 2003, the ALJ found the Plaintiff was not disabled and denied his claim. Plaintiff requested a review of the ALJ's decision, which the Appeals Council denied.

Plaintiff sought judicial review. This Court granted the Commissioner's motion for summary judgment and affirmed the ALJ's decision. *Ribaudo v. Barnhart*, No. 04 C 2810, slip op. (N.D. Ill. Apr. 8, 2005). Plaintiff appealed to the Seventh Circuit. On appeal, Plaintiff challenged the ALJ's finding that his back injury does not meet or equal a listed impairment. More specifically, Plaintiff argued that the ALJ's discussion of the issue did not provide a sufficient analysis of the reasoning behind the ALJ's decision and that the ALJ did not evaluate any of the evidence favorable to Plaintiff on the required criteria of Listing 1.04A. In agreeing with Plaintiff, the Seventh Circuit reversed and remanded for further administrative proceedings holding first, that the ALJ did not adequately explain his Step 3 finding and second, that his adverse credibility determination was not supported by the record. *Ribaudo v. Barnhart*, 458 F.3d 580, 585 (7th Cir. 2006).

Plaintiff submitted an EAJA fee application in the amount of $10,735.20. This amount was calculated through Plaintiff's opening brief. The Commissioner has

challenged Plaintiff's entitlement to fees, but not the reasonableness of the fees requested. Plaintiff has assigned any EAJA fees to his counsel.

## II. STANDARD FOR FEE AWARD UNDER THE EAJA

EAJA directs a court to award attorney's fees and other expenses to private parties who prevail in litigation against the United States if, among other conditions, the Government's position was not "substantially justified." 28 U.S.C. § 2412(d)(1)(A), (B). When considering the issue of EAJA fees, this Court must reexamine the factual and legal circumstances of the case from a different perspective than used at any other stage of the proceeding. *United States v. Hallmark*, 200 F.3d 1076, 1080 (7th Cir. 2000).

The substantial justification standard requires the government to show that its position was grounded in "(1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced." *Id.* The position of the United States includes both its position during litigation and its position during the administrative proceedings. 28 U.S.C. § 2412(d)(2)(D). A decision by an ALJ constitutes part of the agency's pre-litigation conduct. *Cummings v. Sullivan*, 950 F.2d 492, 496 (7th Cir. 1991). When errors are made by the ALJ, the Secretary is held accountable. *Id. The Commissioner has the burden of proving that her position was substantially justified. Cunningham v. Barnhart,* 440 F.3d 862, 864 (7th Cir. 2006); *Golembiewski v. Barnhart,* 382 F.3d 721, 724 (7th Cir. 2004). The standard of "substantially justified" is satisfied if

3

there is a genuine dispute or if reasonable people could differ as to the appropriateness of the contested action. *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

The Government's success on the merits is relevant to the "substantial justification" determination. In *Pierce*, the Supreme Court observed: "Conceivably, the Government could take a position that is not substantially justified, yet win; even more likely, it could take a position that is substantially justified, yet lose. Nevertheless, a string of losses can be indicative; even more so a string of successes." *Pierce*, 487 U.S. at 569.

The fact that this Court previously agreed with the Commissioner and upheld the decision of the ALJ does not conclusively establish that the Commissioner's position was substantially justified; and by the same token, the fact that the Seventh Circuit reversed this Court's decision does not conclusively establish that the Commissioner's position was not substantially justified. The Supreme Court has made it clear that such success or lack thereof is not dispositive. "Obviously, the fact that one other court agreed or disagreed with the Government does not establish whether its position was substantially justified." *Pierce*, 478 U.S. at 569. Although the Seventh Circuit's ruling is not conclusive as to whether the ALJ's decision was or was not substantially justified, "its analysis of the ALJ's decision serves as the natural focal point of an inquiry into substantial justification." *See Steele v. Barnhart*, No. 99 C 5455, 2002 WL 31478268, at *1 (N.D. Ill. Nov. 5, 2002).

4

## III. THE COMMISSIONER HAS NOT MET ITS BURDEN OF PROOF THAT ITS POSITION WAS SUBSTANTIALLY JUSTIFIED

The Seventh Circuit reversed the decision of this Court and remanded the case on two grounds: first, because "the ALJ did not adequately explain his step 3 finding," and second, because the ALJ's "adverse credibility determination [was] not supported by the record." *Ribaudo*, 458 F.3d at 585. The Commissioner's position on those issues was not substantially justified.

### A. Inadequate Step 3 Explanation

The Seventh Circuit reversed the decision of this Court and remanded the case in part because "the ALJ did not adequately explain his Step 3 finding." *Id.* The Seventh Circuit found that the ALJ's explanation of his Step 3 finding was contrary to existing case law, which says that the ALJ may rely solely on opinions given in Disability Determination and Transmittal forms and provide little additional explanation only so long as there is no contradictory evidence in the record. *Id.* at 584; *see Scheck v. Barnhart*, 357 F.3d 697, 700-01 (7th Cir. 2004). In this case there was contradictory evidence on the record, which the ALJ failed to evaluate. *Ribaudo*, 458 F.3d at 584. Specifically, the Seventh Circuit criticized the ALJ for his "failure to evaluate any of the evidence that potentially supported Ribaudo's claim," such as evidence of sciatic pain, evidence of sensory loss, and the fact that Ribaudo's nerve roots were compressed. *Id.* at 583-584. The Seventh Circuit held that while the ALJ need not mention every piece of evidence on the record, "his failure here to evaluate any of the evidence that potentially supported Ribaudo's claim does not provide much assurance that he adequately considered Ribaudo's case." *Id.* at 584. This same conclusion has been reached in prior Seventh Circuit case law. *See Brindisi ex rel. Brindisi v. Barnhart*, 315 F.3d 783, 786 (7th Cir.2003); *Scott v. Barnhart*, 297 F.3d 589, 593 (7th Cir. 2002).

Furthermore, the ALJ's failure to consider and discuss any of the evidence that potentially supported Ribaudo's claim is more than just an "articulation" problem, as was the case in *Stein v. Sullivan*, where the Seventh Circuit held that the fact that "the ALJ failed to meet this articulation requirement in no way necessitates a finding the Secretary's position was not substantially justified." 966 F.2d 317, 320 (7th Cir. 1992). In this case, unlike in *Stein*, the Seventh Circuit found more than an articulation problem. "What is troubling is that the ALJ, in addition to not mentioning Listing 1.04A, did not evaluate any of the evidence on its required criteria that is favorable to Ribaudo." *Ribaudo*, 458 F.3d at 583. In fact, the Seventh Circuit found that the contradictory evidence that Ribaudo presented suggested that his impairment did meet Listing 1.04A. *Id.* at 584. This failure to consider and evaluate evidence warrants a finding by this Court

5

that the Commissioner's position was not substantially justified because the ALJ's decision did not have a reasonable basis in fact. *See Godbey v. Massanari*, No. 99 C 2690, 2001 WL 1035205, at *3 (N.D. Ill. Sept. 4, 2001). ("Where an ALJ fails to develop the record to support its decision to deny benefits, the decision does not have a reasonable basis in fact, and is therefore, not substantially justified.").

Seventh Circuit case law makes clear that the record developed in this case was not adequate to deny disability benefits to Plaintiff. Because the ALJ's decision, and therefore the Commissioner's pre-litigation conduct, did not adhere to Seventh Circuit precedent, and did not have a reasonable basis in fact, the Commissioner's position was not substantially justified.

### B. Flawed Adverse Credibility Finding

The Seventh Circuit also remanded the case in part because the ALJ's adverse credibility determination was not supported by the record. *Ribaudo*, 458 F.3d at 585. The ALJ did not specify what objective medical evidence he was considering, and never assessed the medical evidence that seemed to support Ribaudo's contention that he was in significant pain. *Id.* at 584-585. Furthermore, the Seventh Circuit found that the record did not support discrediting Ribaudo's complaints of severe pain based on his testimony that he was taking only over-the counter pain medications. *Id.* at 585. It was contrary to established law for the ALJ not to build an accurate and logical bridge between the evidence and the result. *Id.* at 584 (citing *Shramek v. Apfel*, 226 F.3d 809, 811 (7th Cir. 2000)). While in *Cunningham v. Barnhart*, the Seventh Circuit found the position taken by the Commissioner to be substantially justified where there was a finding that "[t]he medical evidence supports the ALJ's decision, although he did fail to adequately explain the connection," there was no finding in this case that the medical evidence supported the ALJ's decision; the problem here was more than just a failure to explain. 440 F.3d 862, 865. In fact, the Seventh Circuit found that "[e]ach of the ALJ's reasons for his adverse credibility finding is flawed." *Ribaudo*, 458 F.3d at 584.

As found by the Seventh Circuit, the ALJ's flawed credibility analysis conflicts with existing case law. This flawed analysis, coupled with the ALJ's failure to evaluate evidence discussed in the previous section, warrants a finding by this Court that the Commissioner's position was not substantially justified.

### C. Plaintiff Is Entitled to Fees and Costs Through the EAJA Phase of the Litigation

The Commissioner has not challenged the reasonableness of the requested fees. After a review of the record, this Court finds the requested fees reasonable. In addition to the requested fees, Plaintiff is also entitled to fees incurred in the EAJA phase of this

6

litigation. *Banks v. Barnhart*, No. 01 C 3822003, WL 22019796, at *1 (N.D. Ill. Aug. 26, 2003) (plaintiff is entitled to fees for time spent preparing an EAJA petition) (citing *Commissioner, INS v. Jean*, 496 U.S. 154, 162 (1990)). Therefore, this Court orders an EAJA award to Plaintiff for fees and costs, and orders Plaintiff to file a supplemental affidavit and proposed draft order that will bring these fees and costs current through the reply brief, supplemental affidavit and draft order.

## IV. CONCLUSION

The Commissioner's pre-litigation position was not substantially justified. The Seventh Circuit determined that the ALJ failed to develop a full and fair record, he failed to evaluate any of the evidence that potentially supported Ribaudo's claim, and he made an adverse credibility finding that was unsupported by the record. The fact this Court affirmed the ALJ does not change the result.

**Accordingly, Plaintiff's petition for attorney's fees and costs under the EAJA is granted and Plaintiff shall file a supplemental affidavit and proposed draft order on or before March 12, 2007 to bring these fees and costs current**.

**SO ORDERED THIS 21st DAY OF FEBRUARY, 2007.**

*[signature: Morton Denlow]*

_____
**MORTON DENLOW**

**UNITED STATES MAGISTRATE JUDGE**

        Law Offices of Ashley S. Rose
        799 Roosevelt Road
        Building 6, Suite 104
        Glen Ellyn, IL 60137

        Counsel for Plaintiff

        Michele M. Fox
        Assistant United States Attorney
        219 S. Dearborn
        Chicago, IL 60604

        Catherine A. Seagle
        Special Assistant
        United States Attorney

**Copies mailed to:**     200 West Adams, 30th Floor
        Chicago, IL 60606

Ashley S. Rose

        Counsel for Defendant